UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-14010 MARTINEZ/MAYNARD

18 U.S.C. § 371
8 U.S.C. § 1325(c)

UNITED STATES OF AMERICA,

vs.

VALLE VINSENT LAITINEN and
JUDITH LAIR TEATER

Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this indictment:

1. The Immigration and Nationality Act ("INA") governed the immigration laws of the United States.

2. U.S. Citizenship and Immigration Services ("USCIS") was an agency of the U.S. Department of Homeland Security and was charged with processing applications for immigration benefits such as lawful permanent residence.

3. Pursuant to the INA, non-citizens of the United States ("aliens") were not permitted to permanently reside in the United States unless they were lawful permanent residents.

4. Pursuant to the INA, an alien could immediately adjust his/her status to a lawful permanent resident ("LPR") based on a marriage to a United States citizen.

5. Once USCIS approves an adjustment application for lawful permanent residence, the agency issues the alien a Permanent Resident Card (Form 1-551). The Permanent Resident Card authorizes the alien to permanently reside and lawfully work in the United States

## COUNT 1
## Conspiracy to Commit Marriage Fraud
## (18 U.S.C. § 371)

1. The allegations contained in paragraphs 1 through 5 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. Beginning in or around March of 2020, the exact date being unknown to the Grand Jury, and continuing through on or about February 22, 2023, the exact date being unknown to the Grand Jury, in Martin County, in the Southern District of Florida, and elsewhere, the defendants,

**VALLE VINSENT LAITINEN and**
**JUDITH LAIR TEATER**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to defraud the United States, that is, to enter into a fraudulent marriage for the purpose of interfering with and obstructing USCIS in its administration of the immigration laws of the United States.

## PURPOSE OF THE CONSPIRACY

It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves and to obtain immigration benefits by interfering with and obstructing USCIS in its administration of the immigration laws of the United States.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included among other things, the following:

1. The codefendants, **VALLE VINSENT LAITINEN** and **JUDITH LAIR TEATER**, entered into a fraudulent marriage between an alien and an American citizen to fraudulently qualify the alien for immigration benefits, including LPR status in the United States.

2. **VALLE VINSENT LAITINEN** and **JUDITH LAIR TEATER**, prepared a fraudulent marriage license application and assisted in the fraudulent marriage by completing the necessary immigration paperwork memorializing the marriage and in order to seek lawful permanent resident status for the alien in the United States.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the purpose and object thereof, the defendants and their co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. As early as March of 2020, a co-conspirator introduced **VALLE VINSENT LAITINEN**, a citizen of Finland, and **JUDITH LAIR TEATER**, a United States citizen, for the purpose of entering a false and fraudulent marriage.

2. On or about August 20, 2020, **VALLE VINSENT LAITINEN** and **JUDITH LAIR TEATER** entered into a false and fraudulent marriage to obtain legal status for **VALLE VINSENT LAITINEN** without complying with the immigration laws of the United States.

3. On or between August 20, 2020, and September 15, 2020, **VALLE VINSENT LAITINEN** and **JUDITH LAIR TEATER** completed various forms to submit to the Department of Homeland Security, U.S. Citizenship and Immigration Services, in order to establish a familial

3

relationship with **VALLE VINSENT LAITINEN**, so that **VALLE VINSENT LAITINEN** could file for adjustment of status.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
## Marriage Fraud
## (8 U.S.C. § 1325(c))

On or about August 20, 2020, in Martin County, in the Southern District of Florida, and elsewhere, the defendant,

### VALLE VINSENT LAITINEN

did knowingly and unlawfully enter into marriage for the purpose of evading a provision of the immigration laws of the United States; all in violation of Title 8, United States Code, Section 1325(c) and 18 United States Code, Section 2.

## COUNT 3
## Marriage Fraud
## (8 U.S.C. § 1325(c))

On or about August 20, 2020, in Martin County, in the Southern District of Florida, and elsewhere, the defendant,

### JUDITH LAIR TEATER,

did knowingly and unlawfully enter into marriage for the purpose of evading a provision of the immigration laws of the United States; all in violation of Title 8, United States Code, Section 1325(c) and 18 United States Code, Section 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **VALLE VINSENT LAITINEN** and **JUDITH LAIR TEATER**, have an interest.

2. Upon conviction of a violation of Title 8, United States Code, Section 1325(c), as alleged in this Indictment, the defendants shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
LUISA HONORA BERTI
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

VALLE VINSENT LAITINEN and
JUDITH LAIR TEATER,

　　　　　　　　　　　　　　　　/
　　　　　　　Defendants.

**Court Division** (select one)
- ☐ Miami　　☐ Key West　　☑ FTP
- ☐ FTL　　　☐ WPB

CASE NO.: 23-CR-14010 MARTINEZ/MAYNARD

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect:

4. This case will take 2 days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)　　　　　　　　　(Check only one)
   I　　☑ 0 to 5 days　　　　☐ Petty
   II　 ☐ 6 to 10 days　　　 ☐ Minor
   III ☐ 11 to 20 days　　　☐ Misdemeanor
   IV ☐ 21 to 60 days　　　 ☑ Felony
   V　 ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge　　　　　　　　　　　　Case No.

7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 23-mj-00016-SMM

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge　　　　　　　　　　　　Case No.

9. Defendant(s) in federal custody as of 2/22/2023
10. Defendant(s) in state custody as of
11. Rule 20 from the　　　　　District of
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
LUISA HONORA BERTI
Assistant United States Attorney
FLA Bar No. 73462

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Valle Vinsent Laitinen

**Case No:** 23-CR-14010 MARTINEZ/MAYNARD

Count #: 1

Conspiracy to Commit Marriage Fraud, 18 U.S.C. § 371

* **Max. Term of Imprisonment:** 5 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 fine / $100 Special Assessment

Count #: 2

Marriage Fraud, 8 U.S.C. § 1325(c)

* **Max. Term of Imprisonment:** 5 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 fine / $100 Special Assessment

\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Judith Lair Teater

**Case No**: 23-CR-14010 MARTINEZ/MAYNARD

Count #: 1

Conspiracy to Commit Marriage Fraud, 18 U.S.C. § 371

* **Max. Term of Imprisonment**: 5 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable)**: N/A
* **Max. Supervised Release**: 3 Years
* **Max. Fine**: $250,000 fine / $100 Special Assessment

Count #: 3

Marriage Fraud, 8 U.S.C. § 1325(c)

* **Max. Term of Imprisonment**: 5 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable)**: N/A
* **Max. Supervised Release**: 3 Years
* **Max. Fine**: $250,000 fine / $100 Special Assessment

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.